### A. M. Firey et al., Appellees, v. Judson Harmon, Receiver, Appellant.

INSTRUCTIONS—*when cannot be complained of.* A party cannot complain of the giving of an instruction where he has caused the court to give an instruction containing an error such as he complains of.

Appeal from the Circuit Court of Macon county; the HON. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 14, 1911.

OUTTEN, ROBY, EWING & McCULLOUGH, for appellant.

LEFORGEE, VAIL & MILLER and BARGER & HICKS, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to recover loss of an elevator by fire alleged to have been caused by reason of negligence on the part of appellant in failing to have the engine which it is alleged caused the damage properly equipped with the latest and most approved device for the arresting of sparks and the escape of fire and negligence in the management and operation of the engine at the time. Trial

below resulted in a judgment against appellant for $4500, from which it prosecutes this appeal.

There is no dispute upon the questions of law applicable in this case; the errors assigned are as to the sufficiency of proof and to the giving and refusing of instructions.

The elevator was located near the right of way of appellant's railroad at the station of Roby. The fire occurred about half past nine o'clock on the evening of October 19, 1908. The engine which it is alleged caused the fire left Decatur, Illinois, about nine o'clock that evening; it was due to pass Roby at 9:59, but was a few minutes late. There is a slight grade in approaching the station but not sufficient to require any different management in the operation of trains. On the evening of the fire, a number of young people were attending a dance at the home of one of the citizens of Roby, about one hundred and fifty feet from the elevator. The train was seen to pass the elevator by a number of persons most of whom testified in this cause. About ten or fifteen minutes after the train passed, fire was noticed in the elevator; one or two of the witnesses testified that it appeared to them to be a light or lamp inside of the elevator. This was seen through a window near the top of the elevator. Other witnesses testified that at the time the engine passed the elevator it was puffing, and throwing from the smoke stack great volumes of smoke in which were a great many sparks varying in size from the size of the end of the finger to the size of a dime, that these sparks were thrown and alighted upon and around this elevator. One witness especially testified that his first notice of the fire was upon the ledge of one of the windows in the elevator and as soon as noticed by him he gave the alarm of fire and then removed his horse which had been tied near the elevator, and by the time he returned to the elevator the fire had gained considerable headway. Other wit-

nesses testify that within fifteen or twenty minutes after the engine had passed, the entire inside of the elevator was ablaze and burning so furiously that it was impossible for anybody to go above the first floor, and that any attempt to extinguish the fire was useless. The elevator with its machinery was entirely destroyed. The evidence also discloses that the elevator had not been in use for a number of days, that it had been swept out and was virtually clean, with no rubbish or material which might be easily ignited or set on fire; that there had been no other fire in or about the elevator for several days.

Appellant insists that the record discloses that the engine was equipped with the latest and most approved spark arrester in general use, that it was handled by a skillful engineer and fireman, that it was carefully and properly handled at the time when the alleged fire is supposed to have been caused, and that upon this condition of the proof, although the jury may have been justified in finding that the fire was started by reason of sparks escaping from the engine, there is no liability on the part of appellant.

Upon the question of the engine being equipped with the latest and most approved spark arrester in general use, we do not so find this record. While there is some evidence of that fact, the evidence is not positive. Some of the witnesses knew nothing about spark arresters on other roads, whether or not the one used upon their road was in general use or not, but their testimony was that it was as good as any, and appellant's witnesses testified that if the engine was equipped with the latest and most approved spark arrester in general use and was properly handled by servants of appellant that sparks such as were described by witnesses for appellee could not possibly have escaped therefrom; also at the time the engine was passing through the village of Roby the engineer was giving the fireman, who was

soon to be examined for the position of fireman, instructions as to the method, the best and easiest manner of using and operating an engine, that just before arriving at Roby the fires had been replenished so as to give a good head of steam at that point, and that the greater the exhaust of steam through the smoke stack the more sparks escape. Upon this record the jury was fully warranted in finding that the fire was caused by reason of sparks escaping from the engine of appellant at the time it passed this elevator.

We are satisfied that the jury was fully warranted in answering the special interrogatories which were submitted to it upon the questions of whether or not the engine was equipped with the latest and most approved spark arrester in general use and whether or not the engine was properly handled and skillfully managed at the time it was passing the elevator, in the negative, and that the fire was caused by reason of sparks escaping from the engine, in the affirmative; these findings are justified by the record and are not against the weight of the evidence.

Appellant complains of the eighth instruction given on behalf of appellee for the reason that in instructing the jury as to the requirements of appellant in having its engine equipped with the latest and most approved spark arrester, the court uses the words "in *common* use" instead of "in *general* use" and required appellant to maintain that the spark arrester used by it was in common use on other roads, insisting that they were only required to have the latest and most approved spark arrester without reference to its common use, etc. In appellant's fifth instruction given to the jury by the court, the same language is used and by this instruction the jury was informed that the law required it to have its engines equipped and supplied with the best and most approved appliance in *common* use for arresting sparks, and having used this language it is

not in position to complain of similar language used in the instruction given on behalf of appellee.

Appellant also complains that the court erred in refusing defendants' instruction marked as refused instruction number four. An examination of the instructions given discloses that the proposition of law contained in the fourth refused instruction was fully covered by the instructions given on behalf of both appellants and appellee; there was no error in refusing this instruction.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*